### PROCEEDINGS FOR ANNEXATION.

Circuit Court of Cuyahoga County.

STATE OF OHIO, EX REL A. S. CHISHOLM ET AL, v. R. J. McKENZIE ET AL.

Decided, December 21, 1906.

*Detachment of Territory from Village—Annexation of Territory to a City—Two Inconsistent Petitions Filed with County Commissioners —Priority in Action Thereon.*

A petition to detach territory from a village and erect it into a village was filed with the county commissioners before another petition to annex the greater part of said village, including the territory described in the first petition, to a city, was also filed with the commissioners, the second petition, however, being filed two days before the council of the village gave its assent to the detachment of territory prayed for in the first petition. *Held:* The two petitions being inconsistent, the second was entitled to be first heard.

HENRY, J., MARVIN, J., and WILDMAN, J., concur.

This mandamus proceeding seeks to compel the county commissioners to take immediate and favorable action upon a petition filed with them for the detachment of certain territory from the village of Collinwood and the erection thereof into a separate township under the provisions of R. S., 1616 (Municipal Code, 536-59).

The defense of the county commissioners is that another petition pending before them takes precedence over and, if granted, will prevent favorable action upon the petition filed with them by the relators.

The facts are embodied in an agreed statement showing that on May 28, 1906, the relators filed their petition in the office of the county commissioners, and, on the same day, the council of the village of Collinwood passed an ordinance giving consent to the proposed detachment of territory. Said ordinance became effective June 13, 1906. Hearing on the petition had meanwhile been fixed by the county commissioners for June 13,

1906. The territory in question entirely separates the city of Cleveland from the remainder of the village of Collinwood.

While these events were transpiring another movement was on foot to annex nearly all the village of Collinwood, including all of the territory in dispute, to the city of Cleveland, under the provisions of R. S., 1615 (Municipal Code, 1536-58). To this end the council of the city of Cleveland, on request of two-thirds of the legal voters of the territory proposed to be so annexed, passed an ordinance May 28, 1906, authorizing application to the county commissioners to cause such annexation to be made. This ordinance became effective upon legal publication, which we think means after ten days from first publication, so that it was in force at least as early as June 11, 1906. Upon all of that day the commissioners were in recess between adjourned meetings of their regular session; but written application, pursuant to said city ordinance, was filed on said date in the name of the city clerk of the board of county commissioners. We think that this was a sufficient application of the council to the commissioners within the meaning of the last mentioned section of the statutes. The council of course acted on behalf of the city, and it is not a material variance that it also acted upon the city's name. The clerk of the board is the statutory custodian under Sections 845 and 1021, Revised Statutes, of all "papers required to be deposited and kept in his office, and as such a paper lodged with him is properly before the board (*State, ex rel Osborn*, v. *Mitchell et al*, 22 C. C., 208). It follows that the council of the city of Cleveland had done all that was possible or required of it in the premises on June 11, 1906, and the county commissioners were, on and after that date, invested with complete jurisdiction to take the first step by them to be taken in such a proceeding. Section 1536-58 provides indeed "that in all their proceedings in the premises the county commissioners shall be governed by the provisions of law contained in Section 1536-44 or rather, through reference from the latter section, by the provisions contained in Section 1536-32, as far as applicable. There it is provided that a petition for the annexation of adjacent non-municipal territory to a municipality,

"shall be presented to the board of county commissioners at some regular meeting thereof, and when so presented the same proceeding shall be had, in all respects, as far as applicable, and the same duties in respect thereto shall be performed by the commissioners and other officers, as are required in the case of an application to be organized into a village," etc.

The county commissioners, "in all their proceedings," with respect to an application made under Section 1563-58, are to be governed by the provisions of law thus referred to. But conceding that the commissioners can act upon such an application only at "some regular meeting" or adjournment thereof, it does not follow that an application may not be filed with the board of commissioners while it is in recess. The presentation of a petition or the filing of an application is no part of their procedure. It is the act of the petitioner or applicant.

On the side of the relators here, it is to be observed that their petition was filed, as well it might be, before the assenting ordinance of the village of Collinwood became effective. But the county commissioners jurisdiction is to entertain it only "with the assent of the council, given in an ordinance passed for that purpose, and not otherwise." Such being the language of Section 1536-59, we are bound to hold that it was not until June 13, 1906, two days later than in the case of the city's petition, that the county commissioners were first invested with jurisdiction to take any action at all on the petition of the relators.

It follows therefore that the right of prior consideration, as between these two conflicting petitions, which were simultaneously urged before the commissioners at their session of June 13, 1906, attaches to that one, jurisdiction to consider which first accrued, to-wit, the city's application. Failure on the part of the commissioners to observe such priority would result in void action. *State, ex rel Osborn,* v. *Mitchell et al, supra.*

And we hold that it is not important that the earlier petition invokes their discretionary action, whereas the later petition invokes the performance of a duty alleged to be immediate and mandatory. The commissioners do not refuse to consider the relator's petition. They merely decline to consider it until the

earlier and inconsistent petition is disposed of. And we hold that this interpretation of their power and duty in that behalf is correct. The writ prayed for is refused.